UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

XAO HE LU,

                Petitioner,                      **MEMORANDUM & ORDER**
                                                                  15-CV-2168 (MKB)

        v.

C. MILLER,

                Respondent.

------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Petitioner Xao He Lu, proceeding *pro se* and currently incarcerated at Great Meadow Correctional Facility, brings the above-captioned habeas corpus action pursuant to 28 U.S.C. § 2254 in which he alleges he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a 1996 judgment of conviction entered in the New York State Supreme Court, Kings County, following a jury verdict convicting Petitioner of kidnapping in the first degree, robbery in the first degree, burglary in the first degree, and a weapons charge. Petitioner's application to proceed *in forma pauperis* is granted. The Court has conducted an initial consideration of this petition and, for the reasons set forth below, determines that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, Petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Order, explaining why the petition should not be dismissed as time-barred.[1]

---

[1] Petitioner appears to have initially directed this action to the Second Circuit as a petition to file a second or successive petition for habeas corpus, pursuant to 28 U.S.C. § 2244(b)(3). Petitioner did so on the belief that his failure to file prior to the expiration of his

## I. Background

On September 19, 1996, following a jury trial, Petitioner was convicted of kidnapping in the first degree and "weapons possession" in New York State Supreme Court, Kings County. (Pet. 1, Docket Entry No. 1). Petitioner appealed on the grounds that his sentence, imposed on October 25, 1996, was illegal and excessive. *See People v. Lu*, 687 N.Y.S.2d 264, 264 (App. Div. 1999) (mem). On April 26, 1999, the Appellate Division, Second Department, affirmed the sentence. *Id.* On August 10, 1999, the New York Court of Appeals denied Petitioner leave to appeal. *See People v. Lu*, 93 N.Y.2d 1029, 1029 (1999).

Petitioner filed an initial application for a writ of error coram nobis to vacate his conviction on the ground that he received ineffective assistance of appellate counsel, which application was denied on February 13, 2005, for failure to establish that he was denied effective assistance of counsel. *See People v. Lu*, 789 N.Y.S.2d 432, 432 (App. Div. 2005). Petitioner also contends that he raised the grounds of "illegal arrest and IV Amendment violation on illegal search." (Pet. 2.) The New York Court of Appeals, without opinion, denied Petitioner leave to appeal that decision, on June 14, 2005. *See People v. Lu*, 5 N.Y.3d 771, 771 (2005). Thereafter, Petitioner filed a second application for a writ of error coram nobis, again seeking to vacate his conviction on the same grounds. *See People v. Lu*, 965 N.Y.S.2d 384, 384 (App Div. 2013). The Appellate Division, Second Department denied his second application on May 22, 2013, finding that he failed to establish that he was denied effective assistance of appellate counsel. *See id.* The New York Court of Appeals, without opinion, denied petitioner leave to appeal that

---

statute of limitations "is deemed the equivalent [of] a denial of my first habeas petition," and therefore he seeks to "gain a second review of issues not included in the first opportunity . . . ." (Pet. at ECF ID No. 68, Docket Entry No. 1-1.) The Second Circuit rejected Petitioner's application and directed him to file his petition in the district court. (*Id.* at ECF ID No. 69.)

decision on August 22, 2013. *See People v. Lu*, 21 N.Y.3d 1047, 1047 (2013).

Petitioner's application for a writ of habeas corpus, dated March 31, 2015, was filed in this Court on April 9, 2015. Petitioner claims a violation of his right to effective assistance of counsel, a confrontation clause violation, and an error in failing to suppress a statement used against Petitioner in obtaining his conviction. (Pet. 3.)

**II. Discussion**

The AEDPA, signed into law on April 24, 1996, provides for a one-year statute of limitations for the filing of a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. 28 U.S.C § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act"). A judgment of conviction is "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) upon completion of a defendant's direct appeal in the respective state's highest court and either completion of proceedings before the United States Supreme Court if the

3

petitioner chooses to file for a writ of certiorari, or the expiration of time to seek certiorari before the United States Supreme Court. *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001) (petitioner's judgment of conviction becomes final 90 days from the date the New York Court of Appeals denies leave to appeal).

Petitioner's conviction became final on or about November 10, 1999, ninety days after the New York State Court of Appeals denied him leave to appeal to that Court. Pursuant to the one-year limitations rule, this petition should have been filed on or before November 10, 2000. The instant petition was not filed with this Court until 2015, and is thus barred by 28 U.S.C. § 2244(d), unless the one-year limitations period was tolled.

> a. **Statutory tolling**

In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the amount of time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (noting that a section 440.10 motion is "pending" beginning on the day it is filed and ending when it is disposed); *Does v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period); *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Because it is unclear when Petitioner filed his two applications for a writ of error coram nobis, or when he sought leave to appeal the denials of his two applications, the Court is unable to determine if Petitioner's applications can serve to toll

4

enough of the limitations period under § 2244(d)(2) to render his instant petition timely.

   b. **Equitable tolling**

Courts will equitably toll the statute of limitations for a period of time if the petitioner shows, for the relevant period, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). To show that he has been pursuing his rights, a petitioner must demonstrate that he acted with "reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d. Cir 1996)); *see Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (A petitioner is "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled."). Additionally, application of equitable tolling is only warranted in rare and exceptional cases, where "extraordinary circumstances" — meaning severe obstacles to petitioner's ability to comply with AEDPA's limitation period — prevent the petitioner from filing on time. *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (noting that mental incapacity may constitute extraordinary circumstances, depending on the facts presented); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."). On the present record, there is no basis for equitable tolling.

III. **Conclusion**

Petitioner is directed to show cause by written affirmation, within sixty (60) days from

the entry of this Order, why the instant petition should not be dismissed as time-barred.[2] *Day v. McDonough*, 547 U.S. 198, 210 (2006) (citing, *inter alia*, *Acosta v. Artuz*, 221 F.3d 117, 124–125 (2d Cir. 2000)) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include any facts which would support tolling of the statute of limitations, including the date he filed his two applications for writs of error coram nobis and the dates he sought leave to appeal those denials.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for Petitioner to comply with this Order. If Petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 12, 2015
       Brooklyn, New York

---

[2] An affirmation form is attached to this Order.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

XAO HE LU,

                           Petitioner,          **PETITIONER'S AFFIRMATION**
                                                                    15-CV-2168 (MKB)

           v.

C. MILLER,

                           Respondent.

---------------------------------------------------------------

STATE OF _____ }
COUNTY OF _____ } SS:

    Xao He Lu makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

    In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____　　　　　　　_____
　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Address

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　City, State & ZIP